(Nos. 96-CC-1598, 97-CC-0404 cons.—

ALBERT LEE, Claimant, *v.* ILLINOIS DEPARTMENT OF CORRECTIONS, Respondent.

*Order filed January 17, 1997.*

*Order filed August 27, 1999.*

ALBERT LEE, *pro se.*

JIM E. RYAN, Attorney General (MARILYN THOMAS EAPEN, Assistant Attorney General, of counsel), for Respondent.

## ORDER

PATCHETT, J.

This cause coming to be heard upon the Claimant's motion for transfer to another court, due notice having been given, and this Court being fully advised, finds that the Claimant is requesting that this Court transfer the above lost property claims to another Court so that he might have a trial by jury.

Under the United States Constitution juries are required in "suits at common law." (Amend. VII, *United States Constitution.*) At common law, states have sovereign immunity and cannot be sued.

In Illinois, the State may be a defendant in a suit only to the extent allowed by the General Assembly. *Art. XIII, Sec. 4, Illinois Constitution.*

The General Assembly has stated that except in the Court of Claims or in actions under the Illinois Public Labor Relations Act the "State of Illinois shall not be made a defendant or party in any Court." 745 ILCS 5/1 *et seq.*

Therefore, this Court is without power to transfer the present claims to another Court, as no other Court has jurisdiction to hear the Claimant's lost property claims.

It is therefore, ordered that the Claimant's motions are denied.

## ORDER

PATCHETT, J.

This cause comes on to be heard on the Respondent's motion for summary judgment, due notice having been given, and the Court being advised, finds:

Respondent filed the motion at bar on October 31, 1997. No response to the motion was filed and the Court

granted the motion two months later. Claimant filed an untimely objection stating that he had been relocated to the Cook County Jail. On April 20, 1998, the order was vacated and the Claimant was given 60 days to respond. Over a year has passed and Claimant has not responded.

It is therefore ordered that the Respondent's motion is again granted and this claim is dismissed.